IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HOFFMAN CONSTRUCTION COMPANY OF
OREGON, a domestic corporation,

    Plaintiff,

vs.

TRAVELERS INDEMNITY INSURANCE
COMPANY, a foreign corporation;
ADVANCED TECHNOLOGY GROUP, a
domestic corporation,

    Defendants.

Civil No. 05-456-AA
OPINION AND ORDER

---

Tom Shorall, Jr.
Shorall McGoldrick Brinkmann
3030 North Central Avenue, Suite 1000
Phoenix, Arizona 85012

John D. Ostrander
Elliott, Ostrander & Preston, P.C.
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
    Attorneys for plaintiff

Michael R. Seidl
Seidl Law Office, PC
806 SW Broadway, suite 400
Portland, Oregon 97205

Page 1 - OPINION AND ORDER

Attorney for defendant Travelers
          Indemnity Insurance Company

AIKEN, Judge:

Defendant Travelers Indemnity Insurance Company (Travelers) moves for summary judgment against plaintiff Hoffman Construction Company of Oregon (Hoffman). Plaintiff cross-moves for summary judgment as to Travelers' duty to defend. Travelers' motion is denied, and plaintiff's motion is granted.

## BACKGROUND

Plaintiff was the general contractor at the Hewlett-Packard B3 Technology Development Facility construction project in Corvallis, Oregon. Plaintiff filed the action at bar to secure a defense and indemnity from defendant Travelers against a state court tort lawsuit arising out of an accident that occurred at the construction project.

Hoffman subcontracted with Advanced Technologies Group, Inc. (ATG) to fabricate and install "clean room" walls, raised flooring, and systems. The clean room's flooring was raised over certain clean room technical equipment located underneath the flooring. There is evidence that because ATG was the "clean room contractor," it controlled access to the clean room and its raised metal floor. There is also evidence that ATG built and maintained temporary steps up to the raised metal floor to facilitate access.

Roger Bremmer was the person injured. He worked for J.H.

Kelly, L.L.C. J.H. Kelly was another Hoffman subcontractor. Bremmer alleges the temporary steps caused his injuries.

ATG's subcontract required it to designate Hoffman as an "additional insured" under ATG's commercial general liability policy. Travelers was ATG's commercial general liability insurer. Travelers issued a policy covering the time period beginning May 5, 2002, through May 5, 2003. Travelers' policy included a "Blanket Additional Insured (Contractors)" endorsement (AI). This AI endorsement states in part:

> 1. WHO IS AN INSURED - (Section II) is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and executed prior to the occurrence of any loss.
>
> 2. The insurance provided to the additional insured is limited as follows:
>
> a) The person or organization is only an additional insured with respect to liability arising out of "your work" for that additional insured.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical

Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Based on Travelers' commercial liability policy for ATG and Travelers' AI coverage specifying coverage for an additional insured with respect to liability arising out of "'your work' for that additional insured," Hoffman tendered its defense and indemnity to Travelers. Hoffman reasoned that because Bremmer alleged that the temporary steps caused his injuries and because

there is evidence that ATG built and maintained those steps, Hoffman qualified as an "additional insured" under Travelers' policy. Travelers rejected Hoffman's tender, stating that it owes no duty to defend or indemnify Hoffman.

Travelers asserts that pursuant to Or. Rev. Stat. § 30.140, as interpreted in <u>Walsh Constr. Co. v. Mutual of Enumclaw</u>, 338 Or. 1, 104 P.3d 1146 (2005), the subcontractor's additional insurance requirements are invalidated, thus relieving Travelers of the duty to defend or indemnify Hoffman.

ORS 30.140 states:

(1) Except to the extent provided under subsection (2) of this section, any provision in a construction agreement that requires a person or that person's surety or insurer to indemnify another against liability for damage to property arising out of death or bodily injury to persons or damage to property caused in whole or in part by the negligence of the indemnitee is void.

(2) This section does not effect any provision in a construction agreement that requires a person or that person's surety or insurer to indemnify another against liability for damage arising out of death or bodily injury to persons or damage to property to the extent that the death or bodily injury to persons or damage to property arises out of the fault of the indemnitor, or the fault of the indemnitor's agents, representatives, or subcontractors.

<u>Id.</u>

The Oregon Supreme Court in <u>Walsh</u> held that an agreement requiring a subcontractor to procure "AI" insurance covering a general contractor for the general contractor's own fault is void. 338 Or. at p. 5-10. There is no dispute that an insurer

Page 5 - OPINION AND ORDER

providing AI coverage is relieved of the obligation to defend or indemnify under such circumstances. Id. Plaintiff argues, however, that Walsh did not address whether ORS § 30.140 relieves an AI insurer of the duty to defend or indemnify where the additional insured is seeking coverage for vicarious liability or liability arising from the fault of the named insured, e.g., the subcontractor. There was no allegation in Walsh that the named insured was at fault. I agree with plaintiff and find that Travelers' reliance on Walsh is misplaced. In Walsh, the parties agreed that ORS 30.142(2) did not apply, presumably because there was no possible fault by the subcontractor for its employee's injury. Walsh, 189 Or. App. at 406. I do not find Walsh an obstacle to finding that ORS 30.140(2) applies when there is evidence of fault by the subcontractor. Here, Hoffman has presented evidence that ATG was at fault for Bremmer's injuries. There is at least a material issue of fact as to whether ATG was partially at fault for Bremmer's injuries. Therefore, unlike Walsh, this court must determine whether ORS 30.140(2) applies.

Hoffman relies on a decision from this court where the contractor demanded a defense from the subcontractor's insurer, based upon its status as an additional insured. The insurance company similarly denied coverage citing ORS § 30.140. Tudor Insurance Co. v. Wright, Cv No. 04-480-ST, Order, p. 3 (Marsh, J., Order adopting Findings and Recommendations, Feb. 18, 2005).

There, the District Judge, adopting Magistrate Judge Stewart's Findings and Recommendation held:

> Under ORS 30.140(1), the "additional insured" provision in [subcontractor's] policy with Tudor [insurance company] would be void if [contractor] were solely liable for McRobbie's injuries. However, under ORS 30.140(2), Tudor would be obligated to indemnify [contractor] for McRobbie's injuries if the injuries "arise out of the fault of [subcontractor], or the fault of [subcontractor's] agents, representatives or subcontractors." The Magistrate determined that the "fault" referenced in ORS 30.140(2) does not require that the subcontractor actually be liable for "concurrent negligence' in the technical sense of the term, but only that the subcontractor played a role in causing the accident.

Id.

The District Court adopted the Magistrate's finding that under ORS 30.140(2), and consistent with Tudor's "additional insured" endorsement, Tudor has a duty to defend Wright in the underlying lawsuit for bodily damages "arising out of" subcontractor's operations for contractor. Id. at p. 4.

Travelers asserts that its duty to defend must be determined by reference to what is alleged within the four corners of the underlying complaint. I agree. Under Oregon law, an insurer's duty to defend is determined according to the following rules:

> In determining whether an insurer has a duty to defend, we look only at the facts alleged in the complaint to determine whether they provide a basis for recovery that could be covered by the policy. Ledford v. Gutoski, 319 Or. 397, 400, 877 P.2d 80 (1984). A duty to defend an action against the insured arises when the claim stated in the complaint against the insured could, without amendment, impose liability for conduct covered by the policy. Id. at 399-400, 877 P.2d 80. In this light, an insurer should be able to determine from the face of

Page 7 - OPINION AND ORDER

the complaint whether to accept or reject the tender of
the defense of the action. Id. at 400, 877 P.2d 80.
Accordingly, our review is limited to two documents:
the complaint and the insurance policy. Id. at 399,
877 P.2d 80.

Holman Erection Co., Inc. v. Employers Ins. of Wausau, 142 Or. App. 224, 229, 920 P.2d 1125 (1996).

Travelers argues that because there is no express allegation in the underlying complaint that ATG caused Bremmer's injuries, Travelers' has no duty to defend or indemnify Bremmer's claims. To determine whether Travelers has an obligation to defend Hoffman, this court must look solely to the facts alleged in Bremmer's Amended Complaint. Bremmer makes the following allegations of fault in his Amended Complaint:

> ¶ 1: At or about November 21, 2002 on the jobsite of Hewlett Packard in Corvallis, Oregon, Plaintiff who worked for JH Kelly, LLC, was existing the clean room in building 3, where there was a flight of stairs that were temporary construction as part of a construction project in building 3. The surfaces of the temporary stairs were all white, as well as the adjacent area. Plaintiff was going down the stairs and missed a step and fell forward.
>
> ¶ 2: . . . Plaintiff believes he has identified all the correct Defendants. However, Plaintiff believes there may be Defendants yet unknown to the Plaintiff. John Does 1-4 represent those unknown to the Defendant.
>
> ¶ 7: The cause fact (sic) of the accident was Defendants' failure to properly construct and mark the temporary stairs that caused Plaintiff's injuries.
>
> ¶ 9: Defendants' violated the standards of the building codes for the State of Oregon in the way they constructed and marked the stairs.

Plaintiff's Concise Statement of Facts, Ex. B, Bremmer's Amended

Page 8 - OPINION AND ORDER

Complaint.

Travelers asserts that Bremmer's Amended complaint fails to mention or reference ATG, nor does it allege that Hoffman is secondarily liable for the fault of ATG. Travelers argues that Hoffman would be entitled to a defense from Travelers only if Bremmer's Amended Complaint contained allegations that could reasonably be interpreted "without mere speculation or conjecture," as alleging liability against Travelers' insured, ATG. Defendant's Memo in Support of Motion for Summary Judgment, p. 8.

Plaintiff responds that "any ambiguity about whether allegations in the complaint could be covered by the policy must be resolved in favor of the insured." Tudor Ins. Co., supra, p. 2 (citing Ledford v. Gutoski, 319 Or. 397, 400, 877 P.2d 80 (1994)). Ledford framed the issue as whether "the facts alleged in the complaint may be reasonably interpreted to include conduct within the coverage of the policy." 319 Or. at 400. Similar to the facts at bar, in Tudor, the named insured was not sued, and was not alleged in the complaint to have done anything tort-worthy. Tudor argued that it had no duty to defend or indemnify Wright against McRobbie's lawsuit which only alleged negligence by Wright. Nonetheless, the court concluded that the complaint raised by implication the possibility that the nonparty named insured might have been at fault in a way that triggered coverage

under the additional insured endorsement. Tudor, at p. 3. Here, Bremmer's allegations against Hoffman appear premised upon vicarious liability, or liability related to its duties of general supervision. Like Tudor, the amended complaint at bar fails to allege who was actually responsible for the temporary steps. This ambiguity weighs in Hoffman's favor. Bremmer's allegations raise the possibility that Hoffman will be found faultless, or will be deemed only vicariously liable, while Bremmer's injuries will be deemed to be ATG's fault, or to have risen from ATG's work. This creates the possibility that Hoffmans' liability ultimately will be covered under the policy, within the limits of ORS § 30.140(2). The possibility that Bremmer's claims against Hoffman will be covered obligates Travelers to defend Hoffman. The duty to defend is triggered whenever there is a possibility that any claims might be covered. Multnomah Co. School Dist. No. 1 v. Mission Ins. Co., 58 Or. App. 692, 696, 650 P.2d 929 (1982).

I find that ORS 30.140(2) permits construction agreements that require a subcontractor to obtain an "additional insured" endorsement indirectly indemnifying the general contractor for the subcontractor's fault in causing injury. Therefore, under ORS 30.140(2), Travelers has a duty to defend Hoffman in the Bremmer lawsuit for injuries caused by the fault of ATG.
///

CONCLUSION

Travelers' motion for summary judgment (doc. 9) is denied. Plaintiff's cross-motion for summary judgment (doc. 13) is granted. Further, Travelers' motion to strike and assess costs or alternatively stay the motion to permit discovery (doc. 24) is denied. Finally, the parties request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 28 day of November 2005.

_____
Ann Aiken
United States District Judge